UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. SEMMENS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-CV-00995 SPM |
| ALLAN R. BATES, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant U-Haul Co. of Florida's ("UHFL's") Submission of Costs and Fees for Its Motion to Compel Discovery. (ECF No. 90). For the following reasons, the Court will award UFHL fees in the amount of $7,106.80.

On November 18, 2024, the Court granted UHFL's motion to compel and, pursuant to Fed. R. Civ. P. 37(a)(5)(A), ordered Plaintiff and Plaintiff's counsel to pay UFHL's reasonable expenses incurred in making the motion to compel, including attorney's fees. UHFL now submits an affidavit from its counsel and a copy of billing entries showing that partner Shannon Peters spent 8.8 hours on the motion at a rate of $495 per hour and that associate Larisa Nesimovic spent 12.9 hours working on the motion at a rate of $395 per hour. The total fee award sought is $9,451.50 for 21.7 hours worked. Plaintiff's deadline for filing objections to the fees sought has expired.

"The party seeking litigation fees bears the burden to provide evidence of the hours worked and the rate claimed." *Starks v. St. Louis Cnty.*, No. 4:21-CV-435 RLW, 2023 WL 2682003, at *2 (E.D. Mo. Mar. 29, 2023) (internal quotation marks omitted). "The party seeking the award must submit evidence supporting the requested hours and rates, making a good faith effort to exclude

– 1 –

from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The starting point in determining reasonable attorney fees "is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 420 (8th Cir. 2024) (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Id.* (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)). The Court "has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar." *Id.* (quoting *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021)). "When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation." *Id.* (quoting *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014)). "The determination of how much to reduce a claim for fees is committed to the court's discretion and need not be precisely computed." *Ramshaw v. Ehret,* No. 4:20-CV-359-NAB, 2022 WL 2915557, at *3 (E.D. Mo. July 25, 2022) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011))."Although the district court need not explicitly state which hours it finds reasonable, it must at least calculate the hourly rate and the reasonable number of hours worked." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 856 (8th Cir. 2021) (citing *Fires*, 565 F. App'x at 576)).

    A.    **Reasonable hourly rate**

UHFL seeks an hourly rate of $495 for Mr. Peters and $395 for Ms. Nesimovic, with a combined average hourly rate of $436. Based on the Court's own familiarity with the local bar and market rates, and in the absence of any opposition from Plaintiff, the Court finds these rates reasonable. The Court further notes that judges in this district have approved similar rates in other

cases. *See, e.g., Axiom Prod. Admin., Inc. v. O'Brien,* No. 4:20-CV-01333-MTS, 2024 WL 1655389, at *5 (E.D. Mo. Apr. 17, 2024) (finding rates of $375, $600, and $695 per hour reasonable), appeal dismissed sub nom. *Axiom Prod. Admin. v. O'Brien*, No. 24-2025, 2024 WL 4784634 (8th Cir. Sept. 13, 2024); *United States ex rel. Cairns v. D.S. Med., LLC*, No. 1:12-CV-00004-LPR, 2024 WL 1724026, at *2 (E.D. Mo. Mar. 22, 2024) (finding rates of $475 to $505 for partners and $305 to $335 for associates), appeal dismissed sub nom. *United States v. D.S. Med. LLC*, No. 24-1809, 2024 WL 4564685 (8th Cir. July 31, 2024).

### B.   **Reasonable Number of Hours**

UHFL seeks compensation for 21.7 hours of attorney work on this motion to compel. Billing entries show that this reflects time spent drafting and revising the motion, developing strategy regarding the motion and the hearing on the motion, and preparing for and attending the hearing on the motion. After consideration of the billing entries and the nature of the motion to compel, the Court finds the number of hours spent is excessive. The motion to compel was not legally or factually complex. It did not involve analysis of specific discovery requests or objections, but rather was based on Plaintiff's complete failure to respond to discovery requests and failure to supplement initial disclosures. It also did not require any substantial legal research or analysis; it relied on a recitation of the applicable Federal Rules of Civil Procedure and a single case citation. The Court finds that an overall 25% reduction on the number of hours, to 16.3 hours, is appropriate. *See, e.g., Starks v. St. Louis Cnty.*, No. 4:21-CV-435 RLW, 2023 WL 2682003, at *3 (E.D. Mo. Mar. 29, 2023) (awarding attorney's fees for a motion to compel but finding number of hours worked excessive; stating, "The Court declines to go through each and every attorney entry and instead believes an overall 25% discount on the number of hours requested is reasonable in this case."); *Ramshaw v. Ehret*, No. 4:20-CV-359-NAB, 2022 WL 2915557, at *3 (E.D. Mo. July 25, 2022) (reducing fees sought associated with a motion to compel by 10%; finding that this

sufficiently accounted for arguably duplicative efforts or time entries not compensable); *Dunne v. Res. Converting, LLC*, No. 4:16 CV 1351 DDN, 2018 WL 1858156, at *2 (E.D. Mo. Apr. 18, 2018) (finding hours sought for motion to compel "excessive" and reducing them by 50%). Multiplying the combined hourly rate of $436 by 16.3 hours reasonably worked, UHFL shall be permitted to recover attorneys' fees in the amount of $7,106.80. Accordingly,

**IT IS HEREBY ORDERED** that Defendant U-Haul Co. of Florida is awarded attorney's fees in the amount of $7,106.80, to be paid by Plaintiff and Plaintiff's counsel within **thirty (30) days** of the date of this order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of December, 2024.